As also indicated, even if it be assumed that the institutional tenure procedures indeed required such deference as a matter of express or implied contract—a matter not at all free of doubt—we have held that this would not constitute a denial of constitutionally guaranteed due process.

In all other respects it is clear that—whether or not it was a wise or provident one—the tenure decision was made by defendants on the basis of factors clearly relevant to legitimate institutional interests in awarding tenure. Not only did the evidence fail to prove the consideration of constitutionally impermissible factors, neither was there any suggestion that personal malice, or reckless inattention to relevant materials, or comparable wholly non-professional factors may have made the decision an arguably arbitrary and capricious one. Indeed, it is obvious that the decision was rested directly on the perceived, relative lack of scholarly potential, a factor central to a responsible decision respecting tenure conferral. This satisfied the demands of procedural due process guaranteed by the fourteenth amendment for the protection of any property interest that existed in Siu's expectancy of employment beyond her probationary term.

AFFIRMED.

Edward C. Prado, U.S. Atty., San Antonio, Tex., Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Sec., William A. Whitledge, Charles E. Brookhart, Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiffs-appellees.

Before WILLIAMS, JOLLY and HILL, Circuit Judges.

PER CURIAM:

The court has reviewed the record, the briefs of the parties, and the order of the district court. We find no error in the handling of this matter and affirm the district court's Order Denying Respondent's Request for Release from Confinement, entered April 5, 1984. The district court may, of course, periodically review the appellant's confinement to determine whether it has lost its coercive effect and become punitive. We note that such a determination is a matter placed within the sound discretion of the district judge, and review before us is very limited. *Simkin v. United States*, 715 F.2d 34 (2d Cir.1983).

AFFIRMED.

**UNITED STATES of America and Albert Rodriguez, Jr., Plaintiffs-Appellees,**

v.

**George W. MEEKS, As President of St. George Company, Defendant-Appellant.**

No. 84–1407.

United States Court of Appeals, Fifth Circuit.

Nov. 7, 1984.

George W. Meeks, pro se.

Ronald P. Guyer, San Antonio, Tex., for defendant-appellant.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Michael Dean MOORE, Defendant-Appellant.**

No. 84–1422
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 19, 1984.